UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN HELTON,

        Petitioner,

v.                                                  Case Number: 08-15070
                                                    Honorable Patrick J. Duggan

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 10, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Petitioner Steven Helton has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state prisoner who currently is incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, challenges his 2000 conviction for second-degree murder following a guilty plea. Petitioner was sentenced to a term of imprisonment of twenty-two years to forty years for that conviction. In lieu of an answer to the petition, Respondent filed a motion for summary judgment in which he argues that the petition should be dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner also has filed a motion for summary judgment. For the reasons that follow, the Court grants Respondent's motion and denies Petitioner's motion. The Court also declines to issue Petitioner a certificate of appealability.

## Background

On May 26, 2000, Petitioner pleaded guilty to second-degree murder in the Circuit Court for Wayne County, Michigan. The trial court sentenced Petitioner on July 12, 2000. Petitioner did not file an application for leave to appeal his guilty plea.  However, in April 2008, Petitioner filed a motion for relief from judgment in the trial court pursuant to Michigan Court Rule 6.500.  The court denied that motion on June 18, 2008.  On November 4, 2008, Petitioner attempted to file a second motion for relief from judgment, but the trial court returned the motion for failure to comply with the court rules. Petitioner did not appeal the trial court's decisions with respect to his Rule 6.500 motions.

On December 8, 2008, Petitioner filed the pending application for habeas relief. The petition was signed and dated December 3, 2008.  In his application, Petitioner raises the following claims: (1) "defect in jurisdiction"; (2) ineffective assistance of counsel; (3) denial of right of appeal; and (4) his guilty plea was not voluntarily and knowingly made.

## Applicable Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date of April 24, 1996, and imposes a one-year limitations period.  28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).  Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to his application.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 2068 (1997).

The AEDPA's statute of limitations provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief. Thus Petitioner's request for habeas relief is timely only if it was filed within one year of when his convictions became final, excluding any time during which a properly filed application for state post-conviction or collateral review was pending. 28 U.S.C. §§ 2244(d)(1)(A), (2). For

purposes of § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever comes later. *Id*.; *Wilberger v. Carter*, 35 Fed. App'x 111, 114 (6th Cir. 2002).

Under Michigan Court Rule 7.205(F)(3), Petitioner had twelve months from the entry of judgment to file a delayed application for leave to appeal. The trial court sentenced Petitioner on July 12, 2000 and his conviction became final for purposes of the AEDPA twelve months later when he failed to file a direct appeal. *Jagodka v. Lafler*, 148 Fed. App'x 345, 346 (6th Cir. 2005). Pursuant to § 2244, Petitioner then had one year to file his habeas corpus petition.

Petitioner did not file the pending application for habeas relief until December 2008. While he filed a motion for relief from judgment in April 2008, the AEDPA's statute of limitations period already had expired by that time. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2003); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The state court's denial of Petitioner's application for post-conviction relief did not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Thus Petitioner's application for habeas relief is time-barred.

The Sixth Circuit Court of Appeals has held, however, that the AEDPA's one-year limitations period may be subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d

4

647, 652 (6th Cir. 2002). A credible claim of actual innocence may equitably toll the limitations period. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Where a petitioner "can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id*. at 602. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence– that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995).

Absent a credible claim of actual innocence, the Sixth Circuit ruled in *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. The petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin*, 308 F.3d at 653. "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably

5

arose from circumstances beyond that litigant's control.'" *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner fails to allege or establish that he is entitled to equitable tolling under *Dunlap* or *Souter*. In his petition, Petitioner refers to his mental statute; however, he fails to establish that equitable tolling should apply on that basis. The Sixth Circuit Court of Appeals has held that mental incompetence is not a per se reason to toll a statute of limitations and, in order to be entitled to equitable tolling on that basis, "the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *McSwain v. Davis*, 287 Fed. App'x 450, 456 (6th Cir. 2008); *see also Price v. Lewis*, 119 Fed. App'x 725, 726 (6th Cir. 2005). Petitioner has not established that his mental state impeded his ability to seek habeas review of his conviction on a timely basis.

Based on the above, the Court concludes that Petitioner is not entitled to equitable tolling and that his petition for habeas corpus relief is barred by the AEDPA's statute of limitations. Therefore, the Court grants Respondent's motion for summary judgment and denies Petitioner's motion.

**Certificate of Appealability**

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Petitioner's petition. Therefore, no certificate of appealability is warranted.

Accordingly,

**IT IS ORDERED**, that Respondent's motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion for summary judgment and petition for a writ of habeas corpus are **DENIED**;

**IT IS FURTHER ORDERED**, that the Court **DENIES** Petitioner a certificate of appealability.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Steven Helton, #229319
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

AAG Raina Korbakis